UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.
                                                        Case No. 12-cr-0062-bhl-2

RANDY MARTINEZ,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

        On August 22, 2013, Defendant Randy Martinez pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana. (ECF No. 177.) On November 26, 2013, Martinez was sentenced to 124 months (144 months – 20 months for time served) in the Bureau of Prisons (BOP) concurrent from date of sentencing (November 26, 2013) with Kleberg County Texas Case no. 11-CRF-0375-2, to be followed by 5 years of supervised release. (ECF No. 207.) Martinez's term of supervised release began on November 5, 2021, with a projected end date of November 4, 2026. (ECF No. 306 at 3.) On November 17, 2021, Martinez began participation in the START program (this district's re-entry program) and successfully completed the program in June of 2023, resulting in a new supervised release termination date of November 4, 2025. (*Id.*)

        On August 29, 2024, Martinez filed a motion for early termination of the remaining term of his supervised release. (ECF No. 306.) Martinez is represented by Attorney Krista Halla-Valdes, Federal Defender Services of Wisconsin, Inc. According to counsel, she has conferred with United States Probation Officer Kristina Meuer, who is part of the START team and has supervised Martinez. (*Id.* at 8.) Probation Officer Meuer agrees with the defendant's request for early termination of supervised release. (*Id.*) Counsel has also conferred with Assistant United States Attorney Megan Paulson who indicated that the government does not object to early termination of the defendant's supervised release. (*Id.*)

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245-46 (S.D.N.Y.1998)). The defendant bears the burden of demonstrating that early termination is justified. *Id.* Under most circumstances, early termination is granted when the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States v. White,* No. 06–CR–50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). Merely following the rules is insufficient to justify early termination.

The record confirms that Martinez satisfies the first two criteria for early termination of his supervised release. He has completed more than one year on supervision and notice has been provided to the government. The dispositive issue is therefore whether termination would be in the interest of justice. The record reflects that Martinez has been largely compliant with his conditions of supervision. Admittedly, Martinez had a few positive drugs tests during his time on supervision: two in February of 2022, one for cocaine and one for THC, and on February 22, 2024, one for THC. (ECF No. 306 at 4.) That same week, however, Martinez competed a DOT drug test which came back negative. (*Id.*) Since that test and again on April 2, 2024, the defendant has been free of all controlled substances. (*Id.*)

Martinez has maintained steady employment since entering a halfway house following incarceration. Martinez worked for Gehl Foods, LLC, for more than six months, earning two raises and reaching a record high production of units with the company. (*Id.* at 6.) From Gehl, the defendant moved to truck driving at a number of companies, including Double J Transport, LLC, delivering for Amazon, Shepard Trucking, LLC, and over the road truck driving with Industrial Waste Solutions, a company based out of Houston, Texas, where he stayed for approximately one year. (*Id.* at 6.) Martinez is currently working at ETE Reman where he is working in the Transmission Paint Booth painting transmission casings. (*Id.*)

Since completing the START program, Martinez participated in the graduate/alumni group serving as an example for others in the program. (*Id.* at 7.) Martinez has also worked to reenter the lives of his seven children and is providing for them financially as well emotionally and owes nothing in child support. (*Id.*) Martinez's family resides in Texas, and he has two brothers there who work in law enforcement and are supportive of their sibling. Counsel reports that being on supervised release has made it difficult for Martinez to relocate to Texas to be closer to his family, especially his children and his elderly mother who recently fought breast cancer. (*Id.*) If Martinez relocates to Texas, his brothers have told him that they will help him establish employment. (*Id.* at 8.)

As noted above, complying with the rules of supervision is expected and thus merely satisfying those expectations does not entitle a supervisee to early termination. The Court is persuaded, however, that Martinez has established that early termination is warranted and continued supervision may somewhat impede his ability to start a new life in Texas and continue to re-establish connections with his family. Martinez's probation officer is supportive of this request and the government does not oppose the request. The pertinent Section 3553(a) factors also support an early release from supervision. Martinez appears to have developed a respect for the law, does not appear to pose any threat or danger to the community, and his rehabilitative efforts included successfully completing START and serving as an example for other defendants. Of significance to the Court, Martinez has consistently been employed and therefore is a contributing member to his family and community with 14 months remaining of his term of supervision. The Court will therefore grant Martinez's motion.

Accordingly,

**IT IS ORDERED** that Defendant Randy Martinez's Motion for Early Termination of Supervised Release, ECF No. 306, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is discharged from supervision and the proceedings in this case are terminated.

Dated at Milwaukee, Wisconsin on September 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge